TODD M. LANDER (BAR NO. 173031)
todd.lander@ffslaw.com
ROBERT J. GIRARD II (BAR NO. 216949)
robert.girard@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Attorneys for Plaintiff, BURRITO LABS,
INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BURRITO LABS, INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF AND CANCELLATION OF A TRADEMARK REGISTRATION; DEMAND FOR JURY TRIAL** |
| vs. | |
| SICKDAY, LLC, | |
| Defendant. | |

Plaintiff, Burrito Labs, Inc. ("Plaintiff"), by and through its attorneys, brings this action and alleges against Defendant, Sickday, LLC ("Defendant"), as follows:

## THE NATURE OF THE ACTION

1.      This is an action for a declaratory judgment of no trademark infringement, no unfair competition and no dilution (Count I) and for cancellation of a federal trademark registration (Count II).   Through three different attorneys and over the course of six months, Defendant has harassed Plaintiff with threats of litigation and unfounded claims of trademark infringement, unfair competition and dilution based upon Plaintiff's use of stylized trademarks that are distinguishable and not confusingly similar to Defendant's alleged mark.  Furthermore, the trademark registration upon which Defendant relies in making its claims against Plaintiff is invalid and void.  Specifically, the United States Patent and Trademark

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  Office examined, deemed registrable, published and issued U.S. Registration No.

2  3323014 all in the name of an applicant who was not the owner of the trademark at

3  the time of filing or at any time during pendency of the application.  As such,

4  Defendant's resulting registration fails to comply with the statutory requirements of

5  the Lanham Act and is invalid and void *ab initio*.  Defendant's continued threats and

6  allegations of infringement have and will continue to harm Plaintiff and Plaintiff's

7  business.  As such, Plaintiff seeks redress in this Court to afford relief from the

8  uncertainty and controversy caused by Defendant's unfounded and baseless

9  assertions and to cancel the invalid trademark registration that has been asserted

10  against Plaintiff.

## JURISDICTION AND VENUE

12  2.      This Court has subject matter jurisdiction over this Complaint pursuant

13  to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Lanham Act, 15 U.S.C.

14  §§ 1051 *et seq*., and pursuant to 28 U.S.C. §§ 1331 and 1338.

15  3.      This Court has personal jurisdiction over Defendant because, by its

16  business and actions against Plaintiff in this District, as detailed below, Defendant

17  has expressly aimed its activities at this District, availing itself of this forum.

18  4.      Venue is proper in this judicial district under 28 U.S.C. § 1391 because

19  a substantial part of the events giving rise to Plaintiff's claims occurred in this

20  judicial district.

## THE PARTIES

22  5.      Plaintiff is a Delaware corporation headquartered in California, with a

23  principal pace of business at 528 Palisades Drive, Pacific Palisades, California

24  60272.

25  / / /

26  / / /

27  / / /

28  / / /

2774550.1 15978-200

2

6.     Upon information and belief, Defendant is a New York limited liability company having its principal office and place of business at 301 E. 75th Street, Suite 12B, New York, New York 10021.

### FACTS

7.     Plaintiff owns, uses and has applied to registered its stylized trademarks shown below (collectively referred to as the "Heal Marks"):

 

8.     On or about April 23, 2015, Defendant, through its counsel sent a cease and desist letter to Plaintiff regarding Plaintiff's Heal Marks.  A true and correct copy of the letter, hereinafter referred to as the "April 23rd Letter" is attached hereto as Exhibit A.

9.     The letter was sent via email and via FedEx to Defendant's principal place of business in Pacific Palisades, California.

10.     The letter demanded that Plaintiff immediately cease all use of its "heart shaped bandage design," citing Defendant's rights in U.S. Trademark Registration No. 3323014 for the mark SICKDAY MEDICAL HOUSE CALLS and Design (the "Sickday Mark") shown below:



11.     Plaintiff's HEAL Marks are distinguishable from the Sickday Mark in sight, sound and commercial impression.

12.     Attached to the April 23rd Letter was a copy of the registration certificate for the Sickday Mark.  The registration for the Sickday Mark was issued to Naomi Z. Freidman on October 30, 2007.  The registration was based on application serial number 77093869 filed on January 28, 2007.

/ / /

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

COMPLAINT FOR DECLARATORY RELIEF AND CANCELLATION OF A TRADEMARK REGISTRATION;
DEMAND FOR JURY TRIAL

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

13.     Upon information and belief, at the time Naomi Friedman filed application number 77093869 for the Sickday Mark, Defendant Sickday, LLC was the entity using the mark and was the proper owner of the Sickday Mark.  Despite these facts, application number 77093869 listed Naomi Z. Friedman as the owner and applicant of the Sickday Mark.

14.     Despite the fact that the U.S. Registration No. 3323014 for the Sickday Mark is invalid and void *ab initio*, Defendant's April 23rd Letter relied upon this registration to demand that Plaintiff cease use of its distinguishable Heal Marks, claiming that Plaintiff's Heal Marks infringed Defendant's alleged trademark rights and that Plaintiff's use of the Marks constitutes unfair competition and dilution.

15.     In addition to demands that Plaintiff cease use of its mark, the April 23, 2015 Letter included statements threatening legal action, including that "You are hereby put on notice.  Failure to comply with the demand will constitute willful infringement subjecting you to treble damages and attorneys' fees."

16.     Plaintiff's counsel responded to the April 23rd Letter on or about May 14, 2015.  A true and correct copy of Plaintiff's response letter is attached hereto as Exhibit B.  Plaintiff's response letter set forth Plaintiff's valid and reasonable defenses to Defendant's claims, including that the marks themselves are distinguishable, that Defendant offered its services only in New York and that the registration relied upon in Defendant's original cease and desist letter is void *ab initio* and invalid.

17.     Defendant retained new counsel, who sent Plaintiff's counsel a letter on or about May 20, 2015.  A true and correct copy of that letter is attached hereto as Exhibit C.

18.     The May 20, 2015 Letter reiterated demands that Plaintiff cease use of its Heal Marks and included threats of litigation against Plaintiff, including the following statements:

/ / /

2774550.1 15978-200

4

- "We are confident that if we were forced to file a lawsuit to protect our client's rights, the jury or court would rule in favor of my client."
- "If forced to file suit, we reserve the right to seek all other legal and equitable remedies available to our client."
- "Our client reserves the right to commence and prosecute to completion, without further notice, any and all actions or proceedings my client deems necessary and/or appropriate."

19.    On or about May 22, 2015, the United States Patent and Trademark Office recorded an assignment filed by Naomi Friedman.  The assignment, with an execution and effective date of April 2, 2015, purported to assign Naomi Friedman's entire and exclusive interest in U.S. Registration No. 3323014 for the Sickday Mark to Defendant Sickday, LLC.

20.    Defendant Sickday, LLC is the current record owner of U.S. Trademark Registration No. 3323014.

21.    For several months, Plaintiff's counsel attempted to resolve this matter amicably with Defendant's counsel, but was unsuccessful.

22.    Defendant retained new counsel yet again and on or about September 11, 2015, Defendant's new counsel sent a letter to Plaintiff's counsel demanding as part of a proposed settlement substantial payments up to $1,000,000.  A true and correct copy of that letter, hereinafter referred to as the "September 11th Letter" is attached hereto as Exhibit D.

23.    The September 11th Letter included the threat that "[u]nless you notify us, within fourteen (14) days of the date of this letter, that this arrangement is acceptable to your client, our client will be forced to take appropriate action to protect its valuable legal rights."

/ / /

/ / /

/ / /

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

2774550.1 15978-200

5

COMPLAINT FOR DECLARATORY RELIEF AND CANCELLATION OF A TRADEMARK REGISTRATION;
DEMAND FOR JURY TRIAL

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

24.     After the September 11th Letter and up until shortly before this action was filed, Defendant, through its counsel, continued to demand substantial sums of money from Plaintiff as part of a settlement of Defendant's unfounded claims and allegations of infringement.

25.     Defendant's continued threats and demands, which rely on invalid, void or otherwise unenforceable rights in the Sickday Mark, have and will continue to harm Plaintiff.

## COUNT I

### Declaratory Judgment of No Trademark Infringement,

### No Unfair Competition and No Dilution

26.     Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1-25 as though fully set forth herein.

27.     Plaintiff's use of the Heal Marks is not likely to cause confusion, to cause mistake or to deceive the consuming public as to the source of origin, sponsorship or affiliation between Plaintiff's products and services and Defendant's products and services.

28.     Plaintiff's use of the Heal Marks does not constitute unfair competition with Defendant.

29.     Defendant's Sickday Mark is not famous.  Plaintiff's use of the Heal Marks is not likely to dilute any alleged distinctive quality of the Sickday Mark or harm the reputation of Defendant or its Sickday Mark.

30.     Defendant's assertions that Plaintiff is violating its legal rights and threats of litigation irreparably injure Plaintiff and adversely affect its business and the large investment it has made in its mark and attendant good will.  These assertions and threats will continue to adversely affect Plaintiff's business unless prevented by this Court.

/ / /

/ / /

2774550.1 15978-200

6

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1       31.    An actual and justiciable controversy has arisen and now exists

2   between Plaintiff and Defendant concerning their respective rights and duties

3   regarding the Heal Marks and the Sickday Mark.

4       32.    In light of the facts alleged herein and Defendant's repeated and

5   continued threat of litigation, the dispute between Plaintiff and Defendant is

6   substantial, definite and immediate and not hypothetical.

7       33.    In order to resolve the factual and legal questions raised by Defendant

8   and to afford relief from the uncertainty and controversy which Defendant's

9   assertions have precipitated, Plaintiff is entitled to a declaratory judgment of its

10  rights under 28 U.S.C. § 2201.

11      34.    Plaintiff seeks a declaration from this Court that it is lawfully using the

12  Heal Marks and is not committing infringement of any purported valid trademark

13  rights owned or asserted by Defendant, is not diluting any trademark owned or

14  asserted by Defendant and is not unfairly competing with Defendant.

15  **COUNT II**

16  **Cancellation of Trademark**

17      35.    Plaintiff repeats and incorporates by reference the allegations set forth

18  in paragraphs 1-34 as though fully set forth herein.

19      36.    Pursuant to Section 1 of the Lanham Act, 14 U.S.C. § 1051, only the

20  owner of a trademark is entitled to registration of such trademark.

21      37.    Compliance with Section 1 of the Lanham act is a statutory requirement

22  that cannot be waived or subsequently corrected by amendment or assignment.  A

23  registration resulting from an application filed in the name of an entity that did not

24  own the mark as of the filing date is void.  37 C.F.R. § 2.71.

25  / / /

26  / / /

27  / / /

28  / / /

38.   Defendant's U.S. Trademark Registration No. 3323014 is invalid and void because the underlying application was filed in the name of Naomi Friedman individually instead of the proper owner of the mark.

39.   Plaintiff requests that this Court issue a declaration that U.S. Trademark Registration No. 3323014 is invalid and void and, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, order cancellation of U.S. Trademark Registration No. 3323014 for failure to comply with the Section 1 of the Lanham Act, 15 U.S.C. § 1051.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff Burrito Labs, Inc. prays for judgment against Defendant Sickday, LLC as follows:

A.   For a declaratory judgment that:

    1.   There is no likelihood of confusion between Plaintiff's Heal Marks and the Sickday Mark or any other trademark owned or asserted by Defendant;

    2.   Plaintiff is lawfully using the Heal Marks and not committing infringement of Defendant's rights or any purported trademark rights owned or asserted by Defendant;

    3.   Plaintiff has not and does not unfairly compete with Defendant;

    4.   The Sickday Mark is not famous;

    5.   Plaintiff use of the Heal Marks has not and does not dilute any trademark rights owned or asserted by Defendant;

    6.   Defendant's U.S. Trademark Registration No. 3323014 is invalid and therefore unenforceable;

B.   An order cancelling U.S. Trademark Registration No. 3323014;

C.   Grant such other relief as this Court deems just and proper.

/ / /

/ / /

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1

**JURY TRIAL DEMAND**

2    Plaintiff hereby demands a trial by jury on all issues so triable in this matter.

3

4    DATED: October 27, 2015          FREEMAN, FREEMAN & SMILEY, LLP

5

6

7                                      By: _____
                                            TODD M. LANDER
8                                           ROBERT J. GIRARD II
                                            Attorneys for Plaintiff, BURRITO LABS,
9                                           INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

COMPLAINT FOR DECLARATORY RELIEF AND CANCELLATION OF A TRADEMARK REGISTRATION;
DEMAND FOR JURY TRIAL